Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00638-CV

**ENSIL INTERNATIONAL CORPORATION**,
Appellant

v.

**LEAR SIEGLER SERVICES, INC**.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-10444
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

Ensil International Corporation "Ensil" filed suit against Lear Siegler Services, Inc. "LSI" for fraud. LSI moved for summary judgment, which the trial court granted, and Ensil appeals. We affirm the trial court's judgment.

## BACKGROUND

Ensil is engaged in the business of the repair, sale, and reverse engineering of electronics and electronic components. LSI is a federal contractor for the repair and supply of spare parts for

aircraft sold to foreign military allies of the United States government. To perform the services required under the government contract, LSI subcontracts through a competitive bidding process with other vendors such as Ensil. LSI is compensated on a fee for services basis for each repair contract, with the potential for bonuses based on performance factors.

In order to bid on the contracts, vendors initially must be approved by LSI for access to LSI's website. Once approved, a vendor can log onto LSI's secure access website and place bids. LSI strived for the maximum number of bidders in order to demonstrate competitive bidding in accordance with its contract with the government. In 2001, Ensil was approached by an LSI representative and invited to apply to be an approved vendor. Ensil was approved, and between April 2001 and July 2003, Ensil repaired approximately 4,000 items under this arrangement.

Ensil contends that in July of 2003 there was a "precipitous drop" in the number of bids awarded to Ensil. Saulis Brikis and Louis Koikas worked on behalf of Ensil with the LSI program. Koikas testified he and other Ensil representatives attempted to determine the reason Ensil was not being selected as a vendor. He stated in his affidavit:

> In each instance, including at a meeting in San Antonio, Texas, that I attended in February of 2004, Ensil was assured that the reasons for work not being awarded to Ensil were unrelated to any performance issue, but were caused by problems within the system that would be worked out and that Ensil should continue to submit bids in response to postings on the bulletin board.

Koikas testified Ensil continued to submit bids and was again assured by LSI representative Stuart Hamm during a telephone conversation in October of 2003 that Ensil's failure to win contracts had nothing to do with Ensil's performance. Koikas said LSI told him the reason Ensil was not receiving contracts was because the Taiwanese government was re-entering their repair items into a new data base. Brikis testified he also participated in the October 2003 telephone

call and heard Hamm make the statement. Brikis testified Hamm stated Ensil should continue to make bids.

Ensil continued to bid on jobs until August of 2004 when it was denied password access. Koikas testified that in November of 2004 he was informed by James Ray, LSI's program director, that LSI "had made a decision to discontinue utilizing Ensil as a vendor in July 2003 based on information regarding repairs for the Korean military."

Ensil filed suit, asserting claims for deceit, misrepresentation, and fraud, and seeking damages for the cost for preparing unaccepted bids. LSI moved for a traditional summary judgment asserting the summary judgment evidence established (1) LSI did not make any representations to Ensil that its costs and expenses incurred in preparing and presenting bids would be reimbursed by LSI; (2) LSI did not solicit bids from Ensil; (3) LSI did not make a decision in July 2003 to stop awarding jobs to Ensil because LSI actually awarded Ensil $2,157,023.50 in contracts from July 2003 through August 2004; and (4) Ensil admits that it knew quality of work was one of the criteria used to award bids. LSI also filed a "no evidence" motion for summary judgment, pleading there was no evidence LSI made any representations to Ensil that costs and expenses incurred in preparing bids would be reimbursed. LSI also asserted there was no evidence LSI solicited bids from Ensil during the applicable time period and no evidence it had no intention of awarding Ensil repair contracts after July 2003.

The trial court granted the motions and entered a take nothing judgment and Ensil appeals.

## DISCUSSION

On appeal, Ensil contends the trial court erred in granting a no evidence summary judgment on LSI's contentions there is no evidence LSI solicited Ensil to bid and that LSI sought

bids from Ensil with the intent not to consider them. Ensil also asserts the trial court erred in granting summary judgment on the ground that costs expended by Ensil in preparing bids were not recoverable as damages. However, as set out above, LSI asserted numerous other grounds for a traditional summary judgment. The trial court's order does not specify on which ground summary judgment was granted. When the trial court's judgment does not specify the ground relied upon for its ruling, if any theories presented to trial court and preserved for appellate review are meritorious, the judgment must be affirmed. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Therefore, if any ground presented by LSI to the trial court is meritorious, the summary judgment must be affirmed.

To prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). "A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim." *See IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)(citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

To establish common law fraud, a plaintiff must prove (1) the defendant made a material representation, (2) which was false, (3) which was either known to be false when made or which was recklessly made as a positive assertion without knowledge of its truth, (4) which the speaker made with intent that it be acted upon, and (5) the other party took action in reliance upon the misrepresentation, and (6) thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, Inc., 960 S.W.2d 41, 47 (Tex. 1998). As to the intent element, evidence must be presented that a representation was made with the intent to deceive and with no intention of performing as

represented at the time the representation was made. *Formosa*, 960 S.W.2d at 48; *Spoljaric v. Percival Tours, Inc*., 708 S.W.2d 432, 434 (Tex. 1986). The speaker's intent at the time of the representation may be inferred from the speaker's subsequent acts after the representation was made. *Spoljaric*, 708 S.W.2d at 434.

Ensil pled LSI solicited bids from Ensil throughout July 2003 to May 2004 even though it had no intention to award bids to Ensil during that time period. Ensil alleged LSI's "solicitation and acceptance of bids throughout the period of July 2003 to May 2004 without an intention of awarding any contracts to Ensil were acts of deceit, misrepresentation and fraud." LSI moved for a traditional summary judgment on the ground the evidence established LSI did not intend to deceive Ensil.

LSI presented the affidavit of Halbert F. Taylor, Jr. who is LSI's deputy program director for logistics. Taylor testified that Ensil provided initial bids to LSI during July 2003 through May 2004, of which 81 were accepted. Additionally, Ensil's responsive summary judgment evidence also establishes LSI considered and accepted some of Ensil's bids. Koikas testified there was "significant reduction in the selection of Ensil as a vendor." Brikis likewise testified that beginning in 2003 through July 2004 "there was a marked and dramatic reduction in the number of occasions on which Ensil was selected as a repair vendor." However, Brikis also stated the exhibits attached to his affidavit reflected the purchase orders and showed the date some contracts were awarded. The exhibit shows Ensil was awarded contracts in July, August, September of 2003 and several in January of 2004.

The evidence demonstrates Ensil was awarded contracts during the relevant timeframe. Thus, Ensil's fraud claim fails because the evidence establishes LSI considered bids from Ensil and awarded it contracts during the very time Ensil plead that LSI had no intention to consider its

bids or award it contracts. This evidence conclusively negates an essential element of Ensil's fraud claim — that when LSI represented that Ensil should submit bids and they would be considered LSI had no intention of performing as represented. *See, e.g.*, *Reyna v. First Nat. Bank in Edinburg*, 55 S.W.3d 58, 68 (Tex. App.—Corpus Christi 2001, no pet.) (defendant promised to pay for equipment upon delivery and partial payment negated any claim that they had no intention of paying).[1]

We affirm the trial court's judgment.

Steven C. Hilbig, Justice

---

[1] Because we hold the evidence conclusively negates the intent element, we need not address Ensil's other issues.